UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENNETH MARSHALL                                                                                    PLAINTIFF

v.                                    Civil No.1:15-CV-01002-SOH-BAB

OFFICER HAYNES,                                                                                    DEFENDANTS
SERGEANT RICHERSON,
and LIEUTENANT
DELANEY

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Kenneth Marshall, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. ECF No. 15. A hearing was held on May 26, 2016, to allow the Plaintiff to give a sworn oral statement in response to the Motion. ECF No. 35. Plaintiff also submitted exhibits at the hearing. ECF No. 34. After careful consideration of the briefing, exhibits and sworn statement of the Plaintiff, the undersigned makes the following Report and Recommendation.

1.   **BACKGROUND**

Plaintiff filed his Complaint on January 13, 2015. ECF No. 1. He alleges Defendant Haynes placed an incorrect identification wristband his right wrist at the Columbia County

Detention Facility on December 3, 2014. Plaintiff alleges Defendant Haynes then used his pocket knife to remove the wristband, cutting him on the right hand "between the thumb and the wrist area." Plaintiff characterizes this as an assault and battery. Plaintiff further alleges he was denied medical care for the cut, as he was offered only a band-aid to cover his injury. ECF No. 1, p. 3. Based on this incident, Plaintiff alleges Defendant Haynes used excessive force against him. ECF No. 1, pp. 4-5. He claims Defendants Richerson and Delaney negligently failed to protect him from Defendant Haynes. ECF No. 1, pp. 4. He alleges unconstitutional conditions of confinement in that a failure to discipline Defendant Haynes resulted in unsafe conditions leading to the assault. ECF No. 1, p. 5. He alleges a denial of medical care on the part of all Defendants. ECF No. 1, p. 4. Finally, Plaintiff claims entitlement to recovery based on Arkansas state law claims of assault, battery and negligence. ECF No. 1, p. 5. Plaintiff seeks compensatory damages for physical and emotional injuries, and punitive damages. ECF No. 1, p. 5.

Defendants filed their Motion for Summary Judgment on September 16, 2015. ECF No. 15. A Summary Judgment Hearing was held on May 26, 2016. Plaintiff submitted proposed exhibits on May 25, 2016. ECF No. 34. These exhibits included a color photograph of his right hand showing the alleged cut, the severed wristband, x-ray reports for body parts other than his right hand, a patient health summary, facility policies, and annotated copies of documents previously filed by Defendants. He appeared by video.

Plaintiff testified the photograph of his hand was taken the day after the incident occurred. He testified the small mark on his hand was the cut. He testified the photograph was taken when he requested medical care. He further testified Defendants Richerson and Delaney told Defendant Haynes to stop using the knife and use scissors instead, but Defendant Haynes continued using the

knife and they "just watched him." He testified he requested a video of the incident but did not receive it. He testified he did not develop any infections as a result of the cut. He was tested three or four weeks later for infectious diseases. He testified he was booked into the Columbia County Detention facility on December 3, 2014, and then left on December 5, 2014.

At the conclusion of the hearing, Plaintiff requested leave to submit a supplemental brief after he had the opportunity to review the videotape of the incident. Defendants' counsel submitted they did not believe the videotape existed. The Court ordered Defendants to submit any video of the incident or file a notice if none existed. In response to Plaintiff's sworn statement, Defendant's counsel indicated a list of health conditions submitted by Plaintiff which were active before the wristband incident occurred.

Defendants filed a notice on June 1, 2016, stating no videotape of the incident existed. ECF No. 36.

**2.  LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**3.  DISCUSSION**

Plaintiff's allegation of a cut to his hand is contradicted by the color photograph he submitted. ECF No. 34, p. 3. Plaintiff testified this photograph was taken the day after the incident occurred. The photograph shows two small light discolorations or marks on his skin. They could perhaps be old scars, but they are clearly not recent cuts. There is no indication the skin is cut, torn, abraded, or otherwise broken in any way. Defendants Delaney and Richerson submitted affidavits stating the photograph was taken within ten minutes of the incident, and Plaintiff did not submit any requests for medical care. ECF Nos. 17-1, p. 2; 17-4, p. 2. They stated there were no cuts, blood, or other indication on or around Plaintiff's wrist to indicate he had been injured during this incident.

"When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMilliam*, 503 U.S. 1, 6-7 (1992)). However, the "absence of serious injury" is not irrelevant to the Eighth Amendment inquiry. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). An inmate who complains of a "push or shove" that

causes no discernible injury almost certainly fails to state a valid excessive force claim. *Id.* "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

In this case, Plaintiff characterized the use of the pocketknife to cut the wristband as an assault. Yet, he made no allegations to indicate Defendant Haynes was acting maliciously or sadistically in an attempt to cause harm. In fact, he acknowledged Defendant Haynes was simply acting to replace an incorrect wristband with the correct one. Further, the photograph he produced directly negates his claim because it did not show any discernable injury.

Likewise, Plaintiff's lack of any discernable injury must defeat his denial of medical care claim. In order for a Plaintiff to state a claim for denial of medical care, he must first show that he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). Plaintiff has not done so here.

The lack of discernable injury also defeats Plaintiff's claim against Defendants Richerson and Delaney for failure to protect or intervene. Plaintiff alleges Defendants Richerson and Delaney failed to protect him from Defendant Haynes' use of his pocket knife to cut the wristband, and failed to take disciplinary action against Defendant Haynes for doing so. "A prisoner may assert an Eighth Amendment claim against prison officers who fail to intervene on the prisoner's behalf when the prisoner is attacked by another correctional officer." *Alexander/Ryahim v. Daniels*, 2007 WL 38139, at *2 (E.D. Ark. Jan. 4, 2007) (citing *Buckner v. Hollins*, 983 F.2d 119 (8th Cir. 1993) and *Burgess v. Moore*, 39 F.3d 216 (8th Cir. 1994). When a prisoner claims physical injury, or an

5

exacerbation of physical injury, due to a correctional officer's failure to intervene, the appropriate standard is deliberate indifference to the prisoner's health and safety. *Buckner*, 983 F.2d at 122 ("it was simply not reasonable for [the officer] to conclude that it would be proper to stand by and watch a cuffed and naked inmate be beaten" by another officer). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). As discussed above, there was no allegation of or evidence to support a claim of excessive force. Further, both Defendants submitted an affidavit stating they did not believe Defendant Haynes intended to inflict bodily injury to or create fear of bodily injury in Plaintiff by using a pocketknife to cut his wristband. Without knowledge of a substantial risk of harm, Richerson and Delaney could not be deliberately indifferent.

Accordingly, no genuine material question of fact remains for resolution in this case regarding the constitutional claims.

"Under 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction." *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (internal quotations and alterations omitted). As there is no genuine issue of material fact as to Plaintiff's constitutional claims, it is not appropriate to exercise supplemental jurisdiction for Plaintiff's alleged Arkansas state law claims of assault, battery and negligence based on these same facts.

**4.　CONCLUSION**

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (ECF No. 15.) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of June 2016.**

　　　　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE